Per Curiam.

The question presented is whether the filing of the petition and praecipe in Cuyahoga County and the purported service constituted the “commencement” of an action within the meaning of Section 2305.17, Revised Code, and whether the dismissal was a failure “otherwise than upon the merits,” within the meaning of the saving clause in Section 2305.19, Revised Code.
Section 2703.01, Revised Code, provides that a civil action must be commenced by filing with the clerk of the proper court a petition and causing a summons to be issued thereon and served. Section 2307.36, Revised Code, defines a proper court, when the defendant is a corporation, as the one in the county in which the corporation is situated, or has its principal office, or in which it has an office or agent, or in a county in which summons may be served on its officers.
The record discloses that the defendant corporation could not be sued in Cuyahoga County. Hence, the action was never *287 commenced in Cuyahoga County to the point vfhere the court had any jurisdiction over the defendant. Therefore, the plaintiff cannot he said to have failed otherwise than upon the merits. Kossuth v. Bear, 161 Ohio St., 378.
The present action was not brought within two years after the cause thereof arose and is barred by the two-year statute of limitations (Section 2305.10, Revised Code).
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Radclife and O’Neill, JJ., concur.
Radcliee, J., of the Fourth .Appellate District, sitting by designation in the place and stead of Herbert, J.